## Case No. 17,367.

### In re WELCH.

[5 Ben. 278.] [1]

District Court, S. D. New York. July, 1871.

SHERIFF'S POUNDAGE—BANKRUPTCY.

Where a sheriff had levied on property of a debtor who was afterwards adjudged a bankrupt, and the sale of the property was enjoined and the property was subsequently sold by the assignee in bankruptcy for an amount less than the face of the execution in the sheriff's hands. *Held,* that the sheriff was entitled to poundage on the amount which the property brought, to be paid by the assignee out of the proceeds; and that, if the sheriff acted in good faith, he was so entitled without reference to the validity of the judgment.

In this case two executions were issued to a sheriff against the property of William Welch, one on a judgment for $293 11, and one on a judgment for $3,265 06, under which the sheriff levied on the personal property of Welch. A petition in bankruptcy was then filed, and an injunction issued against the sheriff. On the proving of claims, the claim of the first judgment creditor was objected to and contested. The assignee sold the property for $1,333 42. The sheriff made out a bill for full poundage on both executions, which he presented to the assignee. The question what poundage he was entitled to, was certified to the court.

[See Case No. 17,366.]

BLATCHFORD, District Judge. Poundage can be allowed only on the amount which the property brought.

As between the sheriff and the property, the sheriff has a lien on it for his poundage and fees, and is entitled to be paid out of its proceeds.

If the sheriff acted in good faith he is entitled to be paid, without reference to the validity of the judgment.

═══

WELCH (DOE v.). See Case No. 11,456.

WELCH v. DUNHAM. See Cases Nos. 4,143–4,146.

═══

## Case No. 17,368.

### WELCH v. HOOVER.

[5 Cranch, C. C. 444.] [2]

Circuit Court, District of Columbia. March Term, 1838.

AGENCY—PROOF OF AUTHORITY — AGENT AS WITNESS.

1. An agent is a competent witness to prove his own authority, if not in writing; and is not incompetent by reason of his liability to either of the parties.

─────

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

2. A parol authority will support a written contract.

Assumpsit, for feeding cattle, &c.

Mr. Brent, for plaintiff [Sylvester Welch], offered to examine Mr. Owens, as a witness, to prove that he, as agent of the defendant, contracted to purchase of the plaintiff seventy-four head of cattle; $500 to be paid in cash, and the residue by the 1st of November, when the defendant was to take the cattle away.

Mr. Bradley, for defendant [John Hoover], objected to the testimony of Mr. Owens, until his agency should be proved; and that he was not competent to prove his own agency; and that, if proved, he was not competent, because interested.

THE COURT, however (THRUSTON, Circuit Judge, doubting), permitted the witness to be examined without a release from either party; and decided that he was competent to prove his own authority, if it was not in writing. See Starkie, Ev. pt. 4, p. 55.

Mr. Bradley then objected, that a parol authority will not support a written contract made by the agent.

But THE COURT (MORSELL, Circuit Judge, absent) overruled the objection.

Verdict for plaintiff, $472.32.

═══

## Case No. 17,369.

### WELCH et al. v. LAWSON.

[The case reported under above title in 1 Balt. Law Trans. 67, is the same as Case No. 8,151.]